United States District Court

Eastern District of California

United States of America,

       Plaintiff,                   No.  05-221 DAD

  vs.                           Detention Order

Israel Javier Hernandez-Quintana,

       Defendant.

-oOo-

A.    <u>Order For Detention</u>

    After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B.    <u>Statement Of Reasons For The Detention</u>

    The Court orders the defendant's detention because it finds:

  <u> X </u>     By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

  <u> x </u>     By clear and convincing evidence that no condition or combination of conditions will reasonably assure

the safety of any other person and the community.

C.   <u>Findings Of Fact</u>

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

__x__    (1) Nature and Circumstances of the offense charged.

    __x__    (a) The crime. Possess over 500 grams methamphetamine for distribution.

    _____    (b) The offense is a crime of violence.

    _____    (c) The offense involves a narcotic.

    __X__    (d) The offense involves a large amount of controlled substances.

__x__    (2) The weight of the evidence against the defendant is high.

_____    (3) The history and characteristics of the defendant including:

    _____ (a) General Factors:

        _____ The defendant appears to have a mental condition which may affect whether the defendant will appear.

        _____ The defendant has no family ties in the area.

        _____ The defendant has no steady employment.

        _____ The defendant has no substantial financial resources.

        _____ The defendant is not a long time resident of the community.

        _____ The defendant does not have any significant community ties.

        _____ Past conduct of the defendant:

2

|     | The defendant has a history relating to drug abuse. |
| --- | --- |
| _____ | The defendant has a significant prior criminal record. |
| _____ | The defendant has a prior record of failure to appear at court proceedings. |

(b) Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:

| _____ | Probation. |
| --- | --- |
| _____ | Parole. |
| _____ | Release pending trial, sentence, appeal or completion of sentence. |

(c) Other Factors

| _____ | The defendant is an illegal alien and is subject to deportation. |
| --- | --- |
| _____ | The defendant is a legal alien and will be subject to deportation if convicted. |
| __x__ | Other:  <u>Refused interview by pretrial services officer; he was born in Mexico and his immigration status is uncertain.</u> |

__x__   (4) <u>Rebuttable Presumptions</u>

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

_____   (a) (1) The crime charged is one described in § 3142(f)(1)

   _____   (A) a crime of violence; or

   _____   (B) an offense for which the maximum penalty is life imprisonment or death; or

3

|   |   |   |   |
|---|---|---|---|
| 1 |   | ____ | (C) a controlled substance violation that has a maximum penalty of ten years or more; or |
| 2 |   |   |   |
| 3 |   | ____ | (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above <u>and</u> |
| 4 |   |   |   |
| 5 |   |   |   |
| 6 |   | (2) | Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above <u>and</u> |
| 7 |   |   |   |
| 8 |   | (3) | The offense referred to in subparagraph (2) was committed while defendant was on release pending trial <u>and</u> |
| 9 |   |   |   |
| 10 |   | (4) | Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2). |
| 11 |   |   |   |
| 12 | __x__ | (b) | There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed |
| 13 |   |   |   |
| 14 |   |   |   |
| 15 | __x__ |   | in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., |
| 16 | ____ |   | the Controlled Substances Act, 21 U.S.C. §§ 951, et seq., |
| 17 |   |   |   |
| 18 | ____ |   | the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or |
| 19 | ____ |   | an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b. |
| 20 |   |   |   |
| 21 | ____ |   | an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425. |
| 22 |   |   |   |
| 23 |   |   |   |

D. <u>Additional Directives</u>

   Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

4

1  The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the
2  extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
3
   The defendant be afforded reasonable opportunity for private
4  consultation with his counsel; and

5  That, on order of a court of the United States, or request of an attorney for the Government, the person in charge of the
6  corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an
7  appearance in connection with a court proceeding.

8
   Dated: August 8, 2005.
9

10
                                        /s/ Peter A. Nowinski
11                                         Peter A. Nowinski
                                           Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26